# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-70009

JOHN DAVID BATTAGLIA,

Petitioner - Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

United States Court of Appeals
Fifth Circuit
**FILED**
March 30, 2016
Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-687

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Appellant John David Battaglia is currently scheduled to be executed by the State of Texas on March 30, 2016. He moved the district court for appointment of counsel under 18 U.S.C. § 3599 and a stay of execution. The district court denied both motions. Battaglia now appeals to this Court and moves for a stay of execution. We REVERSE the district court's order denying

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 16-70009    Document: 00513444511    Page: 2    Date Filed: 03/30/2016
Case 3:16-cv-00687-B   Document 13   Filed 03/30/16   Page 2 of 11   PageID 1248

No. 16-70009

his motion for appointment of counsel and GRANT his motion for a stay of execution.

I.

Appellant John David Battaglia was convicted of capital murder by a Texas state court and sentenced to death for the murders of his two daughters. Following an unsuccessful direct appeal[1] and state habeas petition,[2] Battaglia sought federal habeas relief in the Northern District of Texas. In October 2013, the district court entered an order denying Battaglia's habeas petition.[3] We denied a certificate of appealability in July 2015.[4] The Supreme Court denied certiorari on January 11, 2016.[5] On February 19, 2016, Battaglia filed in state trial court a "Motion for Appointment of Counsel to Prepare Article 46.05 Motion." The State filed a motion to dismiss, but also requested a hearing. On March 2, 2016, the state trial court summarily denied Battaglia's motion and the State's request for a hearing. Battaglia filed a petition for certiorari, which remains pending.

II.

On March 10, 2016, Battaglia filed a motion for appointment of counsel in the district court. In his motion, Battaglia sought the appointment of counsel under 18 U.S.C. § 3599 "to investigate the grounds for a *Ford* claim and prepare a habeas application raising one." Battaglia acknowledged that the attorney who prepared his application for a COA and petition for certiorari—Michael C. Gross—had not been given permission to withdraw, but

---

[1] *Battaglia v. State*, No. AP-74,348, 2005 WL 1208949 (Tex. Crim. App. May 18, 2005).
[2] *Ex Parte Battaglia*, No. WR-71939-01, 2009 WL 3042925 (Tex. Crim. App. Sept. 23, 2009).
[3] *Battaglia v. Stephens*, No. 3-09-CV-1904-B, 2013 WL 5570216 (N.D. Tex. Oct. 9, 2013).
[4] *Battaglia v. Stephens*, 621 F. App'x 781 (5th Cir. 2015).
[5] *Battaglia v. Stephens*, 136 S. Ct. 803 (2016).

2

Case: 16-70009      Document: 00513444511      Page: 3      Date Filed: 03/30/2016
Case 3:16-cv-00687-B   Document 13   Filed 03/30/16   Page 3 of 11   PageID 1249

No. 16-70009

urged the court to appoint Gregory W. Gardner as substitute counsel because (a) his relationship with Gross had deteriorated and (b) Gross "lacks the capacity to conduct the requisite investigative work necessary to continue representing" him. Battaglia also asked for a stay of execution to allow substitute counsel "to meaningfully investigate the factual bases" of a potential *Ford* claim. The district court ordered Gross to file an advisory with the court disclosing "whether [he] believe[s] that [he is] the current appointed counsel for Battaglia under 18 U.S.C. § 3599." In his advisory, Gross explained that he has concerns about Battaglia's competency, but believes that state competency proceedings are "wholly outside the scope" of his representation under § 3599.

On March 18, 2016, the district court denied Battaglia's motion. The court rejected Battaglia's suggestion that he was not currently represented by counsel for purposes of § 3599. This provision provides that "[u]nless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including . . . all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures."[6] The district court noted that this Court appointed Gross in 2014 and no court of competent jurisdiction has since granted a motion to replace him. As a result, the court concluded that Gross continues to represent Battaglia for purposes of § 3599— and "Battaglia already has the representation required under this statute."[7]

The district court then considered Battaglia's motion to replace Gross with substitute counsel under § 3599(e). Such motions are reviewed under "the

---

[6] 18 U.S.C. § 3599(e).
[7] Op. at 4.

3

Case: 16-70009    Document: 00513444511    Page: 4    Date Filed: 03/30/2016
Case 3:16-cv-00687-B  Document 13  Filed 03/30/16  Page 4 of 11  PageID 1250

No. 16-70009

'interests of justice' standard."[8] Although this standard "contemplates a peculiarly context-specific inquiry," the Supreme Court has instructed that relevant factors typically include "the timeliness of the motion; the adequacy of the district court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict)."[9] The district court determined that the timing of Battaglia's motion—filed less than twenty days before his scheduled execution—weighed heavily against substitution. The court also reasoned that Battaglia's asserted reasons for seeking new counsel were not compelling, "particularly on the eve of his scheduled execution."[10] Although Battaglia alleges that Gross is part of a conspiracy to secure his execution, the district court recounted that he has made similar complaints about every prior attorney that has represented him in these proceedings.[11] The court further found it significant that Battaglia did not lodge any specific complaints against the adequacy of Gross's representation.[12] Accordingly, the court concluded that substitution would not be "in the interests of justice."

Finally, the district court addressed Battaglia's motion for stay of execution. The court observed that jurisdiction to enter such a stay inheres in a court "before whom a habeas corpus proceeding is pending."[13] It noted Battaglia's "emphas[is] that he is not presently making any habeas challenge, but merely seeking to substitute counsel in connection with a possible future

---

[8] *See Martel v. Clair*, 132 S. Ct. 1276, 1280 (2012).
[9] *Id.* at 1287.
[10] Op. at 7.
[11] *Id.*
[12] *Id.*
[13] 28 U.S.C. § 2251(a)(1).

Case: 16-70009     Document: 00513444511     Page: 5     Date Filed: 03/30/2016
Case 3:16-cv-00687-B   Document 13   Filed 03/30/16   Page 5 of 11   PageID 1251

No. 16-70009

challenge."[14] In turn, the court concluded, no habeas proceeding was pending before it, and it lacked jurisdiction to enter a stay.[15]

In the alternative, the district court considered the merits of Battaglia's stay request, applying the four-factor test articulated in *Nken v. Holder*.[16] First, it found that Battaglia was unlikely to succeed on the merits of his claim. Insofar as his claim was a request for counsel, the court explained, Battaglia failed to exhaust it in state court, rendering it off-limits in the district court; moreover, the request was meritless, as Battaglia had had federally appointed counsel since 2009. The court also deemed Battaglia unlikely to succeed insofar as he was asserting (or ultimately intended to assert) his incompetence to be executed, not least because his pro se filings, upon which he relied extensively in his motion for a stay, "consistently reveal[ed] his awareness that, whether rightly or wrongly, the state court convicted him and sentenced him to death for the murder of his daughters, and that unless some legal relief is granted, the enforcement of that sentence will result in his execution."[17]

For similar reasons, the district court found that Battaglia would not be irreparably harmed if denied a stay of execution: although "it is certain that [the] execution will permanently end his ability to raise further claims, it does not appear that he has any."[18] Finally, it concluded that the interests of his

---

[14] Op. at 9.
[15] *Id.*
[16] 556 U.S. 418, 433-34 (2009); *see, e.g.*, *Green v. Thaler*, 699 F.3d 404, 411 (5th Cir. 2012), *as revised* (Oct. 31, 2012) (discussing *Nken*).
[17] Op. at 14; *see also id.* at 14-15 ("'The mental state requisite for competence to suffer capital punishment neither presumes nor requires a person who would be considered "normal," or even "rational," in a layperson's understanding of those terms.' . . . Although Battaglia presents evidence indicating mental illness, he does not present a substantial case on the merits of a challenge to his *competence* to be executed." (quoting *Panetti v. Quarterman*, 551 U.S. 930, 959-60 (2007))).
[18] Op. at 16; *see Walker v. Epps*, 287 F. App'x 371, 375 (5th Cir. 2008) ("[T]he merits of his case are essential to our determination of whether [a prisoner] will suffer irreparable harm if a stay does not issue.").

Case: 16-70009    Document: 00513444511    Page: 6    Date Filed: 03/30/2016
Case 3:16-cv-00687-B   Document 13   Filed 03/30/16   Page 6 of 11   PageID 1252

No. 16-70009

surviving victims and of the public would not be served in granting him additional time to pursue apparently meritless claims of incompetency. Thus, all four *Nken* factors weighed against a stay, and the court denied him one.[19]

### III.

Battaglia now appeals to this Court. He urges that the district court erred in refusing to appoint new counsel because Gross has effectively abandoned him. We agree. The district court was correct that Battaglia technically has counsel for purposes of § 3599. Under § 3599(e), a lawyer appointed to represent a capital defendant is obligated to continue representing his client until a court of competent jurisdiction grants a motion to withdraw.[20] But the Supreme Court has recognized that—apart from whether substitution is warranted—a court must "appoint new counsel if the first lawyer . . . abandon[s] the client."[21] Regardless of whether Gross continues to represent Battaglia in other matters, he has "abandoned" Battaglia with respect to state competency proceedings.[22]

In his advisory, Gross expressly stated that he believes that his representation does not extend to state competency proceedings. This belief is mistaken. Under § 3599(e), counsel "shall represent the defendant throughout every subsequent stage of available judicial proceedings, . . . and shall also represent the defendant in such competency proceedings and

---

[19] The court also noted the last-minute timing of Battaglia's motion and observed that his counsel appeared to have had concerns about Battaglia's competency for some time. Op. at 17-18 & n.10; *see Hill v. McDonough*, 547 U.S. 573, 584 (2006) ("A court considering a stay must . . . apply 'a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay.'" (quoting *Nelson v. Campbell*, 541 U.S. 637, 650 (2004))).

[20] *See Rosales v. Quarterman*, 565 F.3d 308, 312 (5th Cir. 2009) (per curiam).

[21] *See Martel v. Clair*, 132 S. Ct. 1276, 1286 (2012).

[22] *See Christeson v. Roper*, 135 S. Ct. 891, 895 (2015) (per curiam) (deeming it irrelevant that counsel might have been "actively representing [the capital defendant] in some matters [because] their conflict prevented them from representing him in this particular matter").

Case: 16-70009 Document: 00513444511 Page: 7 Date Filed: 03/30/2016
Case 3:16-cv-00687-B Document 13 Filed 03/30/16 Page 7 of 11 PageID 1253

No. 16-70009

proceedings for executive or other clemency as may be available to the defendant." In *Harbison v. Bell*, the Supreme Court held that attorneys appointed under § 3599 are obligated to represent their clients in state clemency proceedings, and expressly rejected the government's argument that § 3599 "is intended to furnish representation only in federal proceedings and that all proceedings listed in subsection (e), including clemency proceedings, should be understood to be federal."[23] Although the Court has not specifically held since that "competency proceedings" as used in § 3599 extend to state proceedings, the logic of *Harbison* clearly applies.[24] But Gross's erroneous belief is of no moment to the question of abandonment. Whether or not Gross *should have* represented Battaglia in state competency proceedings, he *did not* do so. Accordingly, we conclude that Gross "abandoned" Battaglia for purposes of pursuing a *Ford* claim.

The State argues that we should still not appoint new counsel because any *Ford* claim that Battaglia might bring would be unexhausted and meritless. This Court has held that the appointment of counsel is not required when the inmate's claims are "indisputably" barred by procedural rules.[25] But this is a rare circumstance. A court may only deny appointment of counsel if litigation of the inmate's claims would be a "wholly futile enterprise."[26] This is not the case here. Though Battaglia's *Ford* claim appears to be unexhausted,

---

[23] 556 U.S. 180, 186-87 (2009).

[24] *See Gore v. Crews*, 720 F.3d 811, 814 n.1 (11th Cir. 2013) (per curiam); *Irick v. Bell*, 636 F.3d 289, 291-92 (6th Cir. 2011) (assuming that capital defendant would be entitled to counsel in state competency proceedings under § 3599 if state failed to provide adequate counsel).

[25] *Cantu-Tzin v. Johnson*, 162 F.3d 295, 296-97 (5th Cir. 1998); *see also In re Hearn*, 376 F.3d 447, 455-56 (5th Cir.), *as clarified on denial of reh'g en banc*, 389 F.3d 122 (5th Cir. 2004).

[26] *Cantu-Tzin*, 162 F.3d at 296; *see also Christeson*, 135 S. Ct. at 895 (stating that a court may deny a substitution motion if "any subsequent motion that substitute counsel might file . . . would be futile").

Case: 16-70009     Document: 00513444511     Page: 8     Date Filed: 03/30/2016
Case 3:16-cv-00687-B   Document 13   Filed 03/30/16   Page 8 of 11   PageID 1254

No. 16-70009

he may return to state court and file an Article 46.05 petition. As Battaglia notes, there is no procedural barrier or time limit that would prevent him from taking this step. And the plain language of § 3599(e) expressly provides that Battaglia would be entitled to the assistance of federal counsel—supported by federal funding—during this proceeding.[27] It is also not "indisputabl[e]" that Battaglia will be unable to make a threshold showing of incompetency. We decline to comment on the merits of his *Ford* claim, but he has presented some evidence of mental illness and delusions. His newly appointed counsel may locate and produce more. As a result, we conclude that the district court erred in declining to appoint new counsel under § 3599.

## IV.

We next consider Battaglia's motion for a stay of execution. We conclude, contrary to the district court, that we have the power to grant that stay: "'[O]nce a capital defendant invokes his § 3599 right, a federal court also has jurisdiction under [28 U.S.C.] § 2251 to enter a stay of execution' to make the defendant's § 3599 right effective."[28]

Again, Battaglia effectively lacked counsel to prepare his claim of incompetency. In our view, it would be improper to approve his execution before his newly appointed counsel has time to develop his *Ford* claim.[29] A stay is needed to make Battaglia's right to counsel meaningful.

---

[27] *See Gore*, 720 F.3d at 814 n.1.
[28] *Charles v. Stephens*, 612 F. App'x 214, 219 (5th Cir.) (alteration omitted) (quoting *McFarland v. Scott*, 512 U.S. 849, 858 (1994)), *cert. denied*, 135 S. Ct. 2075 (2015).
[29] *Cf. McFarland*, 512 U.S. at 858 ("[T]he right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims. Where this opportunity is not afforded, 'approving the execution of a defendant before his petition is decided on the merits would clearly be improper.'" (alterations omitted) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 889 (1983))).

Case: 16-70009    Document: 00513444511    Page: 9    Date Filed: 03/30/2016
Case 3:16-cv-00687-B   Document 13   Filed 03/30/16   Page 9 of 11   PageID 1255

No. 16-70009

In ruling otherwise, the district court applied the four-factor test of *Nken v. Holder*.[30] We recently noted in a similar context that "[i]t is not clear whether [a] motion for stay is governed by *McFarland* or by the *Nken* factors."[31] But even assuming (without deciding) that the apparently more stringent *Nken* test applies,[32] we conclude, contrary to the district court, that a stay is warranted. First, the district court's *Nken* analysis appeared to rely to some extent on that court's finding that Battaglia was already meaningfully represented by counsel, a finding we reject. Second, and relatedly, Battaglia's lack of counsel has stunted the evidence developed thus far as to the merit of his underlying *Ford* claim, making a declaration that the claim is unlikely to succeed premature. Third, "[i]n a capital case, the possibility of irreparable injury weighs heavily in the movant's favor," especially when his claim has some merit—a possibility we cannot yet dismiss.[33] Fourth, to the extent that his filings are late in arriving, this is due in significant part to the nature of a *Ford* claim (which ripens only in proximity to execution) and to appointed counsel's failure to realize the scope of his duty, not to dilatory conduct on Battaglia's part.[34]

The State urges that proceeding to the state trial court with a claim of a due process-footed right to counsel before seeking substitution of counsel was tactical—an effort to force the grant of a stay. The State's argument has some purchase, as noted by the able district judge. But we are left with a prisoner

---

[30] 556 U.S. 418, 433-34 (2009).
[31] *Charles*, 612 F. App'x at 222 (considering motion for a stay related to a § 3599 petition for authorization to hire experts in order to prepare a *Ford* claim).
[32] In contrast to *Nken*'s multifactor analysis, "[u]nder *McFarland*, if a prisoner succeeds on his § 3599 motion but has insufficient time to meaningfully exercise that right because of an impending execution, the Supreme Court has instructed federal courts to grant a stay." *Id.*
[33] *O'Bryan v. Estelle*, 691 F.2d 706, 708 (5th Cir. 1982) (per curiam).
[34] See Op. at 17-18 (discussing timing in the context of *Nken* analysis).

No. 16-70009

effectively unrepresented for critical periods of time. It is the present counsel's responsibility now appointed to take the case he has—and that may be developed during the time gained—to state court. Fear of not prevailing is no excuse to ignore the state court's primary right of first decision.

V.

We REVERSE the district court's order denying Battaglia's motion for appointment of counsel and GRANT his motion for a stay of execution.



**Certified as a true copy and issued as the mandate on Mar 30, 2016**

**Attest:** *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

10

# United States Court of Appeals

FIFTH CIRCUIT
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

March 30, 2016

Ms. Karen S. Mitchell
Northern District of Texas, Dallas
United States District Court
1100 Commerce Street
Earle Cabell Federal Building
Room 1452
Dallas, TX 75242

    No. 16-70009    John Battaglia v. William Stephens, Director
                      USDC No. 3:16-CV-687

Dear Ms. Mitchell,

Enclosed is a certified copy of an opinion-order entered on 3/30/2016. We have closed the case in this court.

We are not forwarding the record on appeal as it is an electronic copy.

                              Sincerely,

                              LYLE W. CAYCE, Clerk

                              By: _____
                              Jamei R. Schaeffer, Deputy Clerk

Enclosure(s)

cc:
    Mr. Woodson Erich Dryden
    Mr. Gregory Wayne Gardner
    Mr. Michael Clark Gross